**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | |
| v. | * | Criminal No. PJM 13-0641 |
| | * | |
| **WILLIAM A. BEST, JR.** | * | |
| | * | |
| Defendant-Appellant | * | |

**MEMORANDUM OPINION**

On November 15, 2013, William Best, Jr., represented by counsel, filed a Notice of Appeal (Paper No. 1) from Magistrate Judge DiGirolamo's decision in his underlying misdemeanor case, 13-po-02925-TMD. Best also filed a Motion to Extend Time to File Notice of Appeal (Paper No. 2) and a Motion for Stay of Sentence Pending Appeal (Paper No. 3). The Government thereafter filed a Motion to Dismiss Untimely Appeal (Paper No. 4).

For the following reasons, the Court **GRANTS** the Government's Motion to Dismiss Untimely Appeal (Paper No. 4), but for reasons other than as argued by the Government, and therefore **DISMISSES** the Appeal. Best's Motion to Extend Time to File Notice of Appeal (Paper No. 2) and his Motion for Stay of Sentence Pending Appeal (Paper No. 3) are **MOOT**.

**A.**

At his initial appearance before Magistrate Judge DiGirolamo on September 30, 2013, Best, represented by counsel, pleaded guilty to one count of speeding, in violation of 36 C.F.R. § 4.21(c). In exchange for his guilty plea, the Government agreed to dismiss the remaining counts against him.[1] At the same initial appearance, Best was sentenced to one year of probation,

---

[1] The dismissed Counts included Reckless Driving of Vehicle in Wanton and Willful Disregard for Safety of Persons and Property, Md. Code, Transp. Art. § 21-901.1(a), Driver of Motor Vehicle Following Closer than

consisting of the general terms and conditions of probation as well as two weekends of incarceration and a condition that he attend a driver improvement program. He was fined $465, a $25 Processing Fee and a $10 Special Assessment. According to the United States Probation Office, to date Best has only completed the monetary requirements of his sentence.[2]

Although a paperless "Final Judgment" was entered on the docket on October 1, 2013, the Judgment, signed by Judge DiGirolamo on October 4, 2013 (Paper No. 22 in 13-po-02925 TMD), for some reason was not entered on the docket until October 29, 2013. Shortly thereafter, Best, proceeding *pro se*, sent a letter to Judge DiGirolamo (Paper No. 23 in 13-po-2925) requesting modification of his sentence. Judge DiGirolamo responded by letter dated November 8, 2013 (Paper No. 24 in 13-po-2925 TMD), denying the request. The Court notes that Best's letter and Judge DiGirolamo's response were not entered on the docket until November 22, 2013, after the filing of the Notice of Appeal.

The Government argues in its Motion to Dismiss that Best's appeal is untimely because Final Judgment was entered on October 1, 2013. The Court accepts for present purposes that the Notice of Appeal was timely filed, but will dismiss the appeal for another reason.

**B.**

A criminal judgment is "not final before it [is] entered on the criminal docket within the meaning of Fed. R. App. P. 4(b)(6); the keeping of a docket fulfills a public record-keeping function over and above the giving of notice to a party; and the right of public access in a criminal case extends to documents." *United States v. Osborne*, 452 F. App'x 294, 296 (4th Cir. 2011).

---

Reasonable and Prudent, Md. Code, Transp. Art. § 21-310(a), and two counts of Unsafe Operation, 36 C.F.R. § 4.22(b)(1).

[2] Best has represented in his Motion for Stay of Sentence Pending Appeal (Paper No. 3) that he had completed "all" the requirements of his sentence aside from the two weekends of incarceration. The Probation Officer has advised the Court that this statement is not accurate; that Best has only paid the fine, processing fee, and assessment. Probation also advises that Best has been otherwise uncooperative.

Here, the Judgment appears to have been entered on the docket October 29, 2013, which would ordinarily be the date the judgment was final. But, as it happens, Best sought reconsideration of the judgment, which request Judge DiGirolamo denied on November 8, 2013. The Court thus considers Best's Notice of Appeal as timely because it was filed within 14 days of the date Judge DiGirolamo denied his request for modification of his sentence.

The problem, however, is that Best has never filed the required memorandum stating the precise points of law, facts, and authorities on which his appeal is based. As required by Local Rule 302, "[w]ithin thirty (30) days of the docketing of the appeal, the appellant shall file with the Clerk of Court and serve on the appellee a memorandum stating the exact points of law, facts, and authorities on which the appeal is based . . . . The Court may extend these times upon a showing of good cause. If an appellant fails to file a memorandum within the time provided, the Court may dismiss the appeal."

The Court finds no good cause to extend the time for filing this memorandum, especially so long after the time for its filing has passed.[3]

Best seems to assume that merely by filing a Motion for Stay of Sentence Pending Appeal he can stay the sentence. But he cannot do so, only the Court can. Indeed, as suggested by the United States Probation Office, Best has apparently refused to cooperate with the Probation Officer since filing his Notice of Appeal, not only failing to complete all the terms of his sentence, but failing to comply with simple administrative requests from the Probation Officer.

Accordingly, the Appeal herein will be dismissed.

---

[3] Especially noteworthy here is that Best pleaded guilty. It is unclear what issue or issues he could possibly be appealing, except perhaps that he hopes for a more lenient sentence on appeal, a highly improbable basis for reversing or modifying a Magistrate Judge's sentence.

Best shall contact the United States Probation Office by no later than Wednesday, January 22, 2014 (or the Probation Officer may contact him first) to arrange the dates for the two weekends of incarceration he was ordered to serve as well as to immediately complete any other terms of his sentence not yet completed.[4]

## C.

For the foregoing reasons, the Government's Motion to Dismiss Untimely Appeal (Paper No. 4) is **GRANTED** and the Appeal is **DISMISSED.** The Motion to Extend Time to File Notice of Appeal (Paper No. 2) is **MOOT** as is the Motion for Stay of Sentence Pending Appeal (Paper No. 3).

A separate **ORDER** will issue.


_____*/s/*_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**January 16, 2014**

---

[4] Best is advised that from this point forward, whether he chooses to pursue a further appeal or not, he must comply with the ordered conditions of probation. If he does not, Probation is directed to file a Petition to Revoke his Probation.